# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50376
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS MARTINEZ-HARO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-13

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Carlos Martinez-Haro appeals his concurrent 46-month within-guidelines sentences for illegal reentry into the United States and false personation in immigration matters. Martinez-Haro contends that his sentences are greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and thus are substantively unreasonable. Specifically, he argues that U.S.S.G. § 2L1.2, the sentencing guideline pertaining to illegal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentry offenses, lacks an empirical basis and thus overstates the seriousness of his offense.  As he concedes, however, this argument is foreclosed.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Martinez-Haro additionally asserts that his sentences are greater than necessary to provide adequate deterrence or protect the public and that they fail to properly reflect his personal history and characteristics.

We review the substantive reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A "sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  The presumption of reasonableness is only rebutted by "a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing [the § 3553(a)] sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The record reflects that the district court listened to and rejected Martinez-Haro's arguments in favor of a downward variance and imposed sentences at the bottom of the advisory guidelines range.  Therefore, Martinez-Haro's sentences are presumptively reasonable.  *See Campos-Maldonado*, 531 F.3d at 338.  In imposing sentence, the district court adopted the findings of the presentence report (PSR), which contained a recitation of Martinez-Haro's criminal history, including his prior felony conviction for indecent liberties with a child, as well as a lengthy discussion of his personal history and characteristics.  Although Martinez-Haro disputed the factual basis of his indecent liberties conviction, he offered no evidence that the information contained in the PSR lacked an evidentiary basis or was otherwise unreliable. *See United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002).

No. 15-50376

Martinez-Haro does not show that the district court abused its discretion in either its consideration or balancing of the § 3553(a) sentencing factors. *See Cooks*, 589 F.3d at 186. Rather, he merely complains that the district court should have weighed those factors in his favor. We will not second-guess the reasonable determinations of the district court, which "is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013) (internal quotation marks and citation omitted); *see Gall*, 552 U.S. at 51. As Martinez-Haro fails to rebut the presumption of reasonableness, he cannot demonstrate that his sentences are substantively unreasonable. *See Gall*, 552 U.S. at 51; *Cooks*, 589 F.3d at 186. Accordingly, we AFFIRM the judgment of the district court.